◻ORIGINAL

FILED

2009 APR 30  PM 3: 18

CLERK US ... ... ...
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  SEYFARTH SHAW LLP
   Kenneth D. Sulzer (SBN 120253)
2  ksulzer@seyfarth.com
   John A. Van Hook (SBN 205067)
3  jvanhook@seyfarth.com
   2029 Century Park East, Suite 3300
4  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
5  Facsimile: (310) 201-5219

6  SEYFARTH SHAW LLP
   Gerald L. Maatman, Jr. (*pro hac vice* forthcoming)
7  gmaatman@seyfarth.com
   131 South Dearborn Street
8  Suite 2400
   Chicago, Illinois 60603-5577
9  Telephone: (312) 460-5000
   Facsimile: (312) 460-7000

10

11 Attorneys for Defendants
   DELTA-T GROUP, INC.,
12 DELTA-T GROUP SAN DIEGO, INC., and
   DELTA-T GROUP LOS ANGELES, INC.

13

14            UNITED STATES DISTRICT COURT

              SOUTHERN DISTRICT OF CALIFORNIA
15

16 VONDA NORRIS-WILSON, and          Case No. 09CV0916 LAB    RBB
   ABIGAIL PAPA, individually and on
17 behalf of other members of the general   NOTICE OF REMOVAL OF
   public,                              CIVIL ACTION; DECLARATION
18                                       OF SCOTT MCANDREWS
              Plaintiffs,
19                                       Complaint Filed: March 18, 2009
          v.
20                                       (Superior Court of California, County
   DELTA-T GROUP, INC., DELTA-T         of San Diego Case No. 37-2009-
21 GROUP SAN DIEGO, INC., and           00085524-CU-OE-CTL)
   DELTA-T GROUP LOS ANGELES,
22 INC.,

23            Defendants

24

25

26     TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

27 DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL

28 OF RECORD:

LA1 6784082.1

**BY FAX**

1   PLEASE TAKE NOTICE that defendants Delta-T Group, Inc., Delta-T

2   Group San Diego, Inc. and Delta-T Group Los Angeles, Inc. ("Delta-T" or

3   "Defendants") file this Notice of Removal pursuant to 28 U.S.C. sections 1441 and

4   1446, asserting original federal jurisdiction under 28 U.S.C. section 1332(d)(2), to

5   effect the removal of the above-captioned action, which was originally commenced

6   in the Superior Court of the State of California in and for the County of San Diego.

7   This Court has original jurisdiction over the action pursuant to the Class Action

8   Fairness Act of 2005 ("CAFA") for the following reasons:

9   <u>BACKGROUND</u>

10   1.   On March 26, 2009, plaintiffs Vonda-Norris-Wilson and Abigail Papa

11   ("Plaintiffs") filed a "Class Action Complaint for Damages, Restitution, and

12   Injunctive Relief" (the "Complaint"). The Complaint, Summons, Notice of

13   Related Case, and accompanying papers are attached as Exhibit A.

14   2.   The Complaint purports to assert six claims for relief against

15   Defendants, all premised on the claim that Plaintiffs were misclassified as

16   independent contractors, and were actually employees of Defendants. Plaintiffs

17   claims are for: (1) "Violation of Wage and Hour Laws" (payment of overtime), (2)

18   waiting time penalties, (3) payments for denied meal and rest periods, (4) penalties

19   for wage statement violations, (5) indemnification of business expenses, and (6)

20   restitution under Business & Professions Code section 17200, *et seq.* (unfair

21   competition).

22   3.   Plaintiffs seeks to represent a class of "[a]ll persons who currently

23   work or have worked in California for Defendant(s) as healthcare workers from

24   March 10, 2005 to the present, and are/were classified as independent contractors

25   by Defendants." (Complaint, ¶ 29.) Plaintiffs allege that the proposed class

26   includes in excess of 2,500 individuals. (Complaint, ¶ 31.)

27

28   -2-

LA1 6784082.1

## TIMELINESS OF REMOVAL

4.     Defendants were served with the Complaint on March 31, 2009.  This Notice of Removal is timely as it is filed within thirty (30) days of the service on Defendants.  28 U.S.C. § 1446(b).

5.     Defendants filed their Answer in the Superior Court of the State of California, County of San Diego, on April 29, 2009.  A copy of the Answer is attached hereto as Exhibit B.

## ORIGINAL JURISDICTION — CLASS ACTION FAIRNESS ACT

6.     This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. § 1441(a), in that the district court has original jurisdiction over the action, because, based on Plaintiffs' allegations, the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which the named plaintiffs are citizens of a state that is different from that of a primary defendant.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater than 100.  28 U.S.C. § 1332 (d)(5)(B).  (Complaint, ¶ 31.)

## DIVERSE CITIZENSHIP OF THE PARTIES

7.     *Plaintiffs' Citizenship.*  Plaintiffs allege that plaintiff Vonda Norris-Wilson is a resident of the State of California, County of San Diego County and that plaintiff Abagail Papa is a resident of the State of California, County of Riverside.  (Complaint, ¶¶ 4, 5.)  On this basis, Defendants are informed and believe that Plaintiffs are, and at all times since the commencement of this action have been, individuals who are citizens of the State of California.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesly Galleriees, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

-3-

LA1 6784082.1

8.     *Defendants' Citizenship.*  Defendant Delta-T Group, Inc. is incorporated in the State of Pennsylvania with its principle place of business in Pennsylvania. (Complaint, ¶ 6.)  Defendants Delta-T Group San Diego, Inc. and Delta-T Group Los Angeles, Inc. are citizens of the State of California. (Complaint, ¶¶ 7-8.)

## AMOUNT IN CONTROVERSY

9.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. REP. 109-14, at 49.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14, at 49("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

10.    The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  Defendants deny Plaintiffs are entitled to anything by their Complaint, as all of Plaintiffs' claims rest on the false assumption that the contractors are employees.  Nevertheless, the amount in controversy is dictated by

-4-

LA1 6784082.1

1  Plaintiffs' claims, not the merits, and there are five separate sources for potential
2  remedies and penalties in the Complaint: (1) allegedly unpaid overtime wages, (2)
3  waiting time penalties, (3) payments for failing to provide meal and rest periods,
4  (4) wage statement penalties, and (5) reimbursement of business expenses.

5         a.    *Overtime.*  Plaintiffs do not allege any amounts of unpaid
6  overtime.  The Complaint alleges, however, 2,500 potential class members.
7  (Complaint, ¶ 31.)  Although the average hourly rates received by the contractors
8  varied substantially from contractor to contractor, the contactors averaged
9  approximately $15/hour during the time period alleged in the Complaint.
10 (McAndrews Decl., ¶ 3.)  If Defendants were held to be liable for unpaid overtime
11 wages, Defendant could owe an overtime premium rate of 0.5 of the hourly rate
12 for the overtime hours.  Assuming 105 contractors provided services in an
13 average week (*see* McAndrews Decl., ¶ 5), there was one hour of overtime per
14 person per week, and roughly 200 weeks exist in the time period alleged by
15 Plaintiffs, the potential unpaid overtime exposure is approximately $157,500
16 [105 contractors x 0.5 premium x $15 x 200 weeks].  If there were two hours per
17 week, the potential unpaid overtime exposure is approximately $315,000.

18        b.    *Waiting time penalties.*  The Complaint does not allege the
19 number of potential class members that have allegedly "terminated."  Defendants
20 estimate that approximate 900 contractors have not recently provided services
21 through Defendants' referrals during the statutory period.  (McAndrews Decl., ¶
22 4.)  If all of these contractors were found to be "discharged" under Labor Code
23 section 203, and if no good faith dispute defense to the penalties existed, the
24 potential exposure could be $3,240,000 [900 contractors x $15/hour x 8 hours x
25 30 days].

26        c.    *Meal and rest periods.*  The Complaint does not allege the
27 number of days in which Defendants failed to provide a required meal or rest

28                                    -5-

LA1 6784082.1

1   period.  Nevertheless, assuming there were an average of 105 class members

2   working at any one time (*see* McAndrews Decl., ¶ 5), and one day per week with

3   a denied meal or rest period, there is a potential exposure of $315,000. [105

4   contractors x $15/hour x 1 day/week X 200 weeks]

5          d.    *Wage statements*.  Plaintiffs allege that they and the class

6   members are entitled to a maximum penalty for wage statements violations of

7   $4,000.  (Complaint, ¶ 65.)  Given 2,500 class members alleged by Plaintiffs, this

8   claim alone has a potential exposure of $10,000,000 -- *double* the amount

9   required for CAFA removal jurisdiction.

10          e.    *Business expenses*.  The Complaint does not an allege any

11   amount for unreimbursed business expenses.  Assuming 2,500 class members,

12   and each class member had $200 in expenses for which Defendants were required

13   to reimburse, the potential exposure is $500,000.

14       Defendants deny the validity of any of Plaintiffs' theories of recovery.

15   Nevertheless, it is clear that the potential amount at issue in this case, using

16   Plaintiffs' own allegations, is greater than $5,000,000.

17       12.    Although the alleged damages and penalties amount to more than $5

18   million standing alone, the Complaint alleges that class members are entitled to

19   recover attorney's fees.  (Complaint, ¶¶ 45, 51, 65, 70, 76, and Prayer, p. 14, line

20   25.)  Requests for attorney's fees must be taken into account in ascertaining the

21   amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th

22   Cir. 1998) (claims for statutory attorney's fees to be included in amount in

23   controversy, regardless of whether award is discretionary or mandatory).

24       13.    Because diversity of citizenship exists, Plaintiffs, being citizens of the

25   state of California (and other putative class members presumably being citizens of

26   the state of California as well), and a primary defendant is the citizen of

27   Pennsylvania, and because the amount in controversy exceeds $5,000,000, this

28                              -6-

LA1 6784082.1

1    Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2).

2    This action is therefore a proper one for removal to this Court pursuant to 28

3    U.S.C. § 1441(a).

4                    RELATED CASE PENDING IN U.S.D.C. – E.D. OF PENNSYLVANIA

5           14.    This case is also appropriate for removal to the United States District

6    Court because there is already a related case, brought by the same counsel, on

7    behalf of a putative class that includes the proposed class in the Complaint, and

8    asserting equivalent claims.  This related case is *Bamgbose, et al. v. Delta-T*

9    *Group, Inc. et al.*, U.S.D.C. Case No. 2:09-cv-00667-MAM, pending in the Eastern

10   District of Pennsylvania, and filed on February 17, 2009.  (Notice of Related Case,

11   Ex. A.)  As acknowledged by Plaintiffs in their Notice of Related Case, the

12   *Bamgbose* case "involves the same parties and is based on the same or similar

13   claims," and "arises from the same or substantially identical transactions, incidents,

14   or events requiring the determination of the same or substantially identical

15   questions of law or fact."  (Ex. A.)

16          15.    The *Bamgbose* action is not only related to this Complaint --

17   involving the same parties claims and questions of law and fact -- but Plaintiffs

18   have affirmatively opted-in to the *Bamgbose* action.  (The Notice of Consent

19   Filings by Plaintiffs Vonda Norris-Wilson and Abigail Papa are attached to this

20   Notice of Removal as Exhibit D.)  Accordingly, it would be inefficient and

21   improper to have a superior court lawsuit proceed that duplicates an already-

22   pending case in the Eastern District of Pennsylvania.

23                    NO EXCEPTION TO CAFA REMOVAL JURISDICTION APPLIES

24          16.    The party seeking removal does not bear the burden establishing an

25   exception to CAFA removal jurisdiction; the burden to establish an exception rests

26   with a plaintiff seeking remand.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018,

27   1021-22 (9th Cir. 2007).  Nevertheless, Plaintiffs would be unable to meet their

28                                                    -7-

burden of showing an exception to CAFA removal jurisdiction.  The "local controversy exception to CAFA removal jurisdiction does not apply because during the past three years, another class action "has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii).  As explained *supra* in Paragraphs 14-15, *Bamgbose* is a related class action complaint against defendant Delta-T Group, Inc., on behalf of the same employees and for equivalent claims, which has been filed in the Eastern District of Pennsylvania.

17.    The "home state" controversy exception does not apply because Delta-T Group, Inc., a Pennsylvania citizen, is a "primary defendant" in this action. 28 U.S.C. § 1332(d)(4)(B).  Plaintiffs' allegations that Delta-T Group, Inc. is liable for the claims of the entire class are sufficient to establish it as a "primary defendant." *Harrington v. Mattel, Inc.*, 2007 U.S. Dist. LEXIS 95401, *16-17 (N.D. Cal. 2007).

## VENUE AND INTRADISTRICT ASSIGNMENT

18.    Venue lies in the Southern District of California pursuant to 28 U.S.C. Section 1441, 1446(a), and 84(c)(2).  This action originally was brought in the Superior Court of the State of California, County of San Diego, and allegedly arises out of services provided by Plaintiffs in San Diego County.

## NOTICE OF REMOVAL

19.    This Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

20.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendants or filed by Defendants are attached hereto as the following exhibits:

-8-

LA1 6784082.1

1        A—Summons and Complaint and related notices from the San Diego

2    Superior Court;

3        B—Defendants' Answer to Plaintiffs' Unverified Complaint; and

4        C—Defendants' Peremptory Challenge.

5

6        WHEREFORE, Defendants request that the above action pending before the

7    Superior Court of the State of California for the County of San Diego be removed

8    to the United States District Court for the Southern District of California.

9

10   DATED: April 30, 2009                SEYFARTH SHAW LLP

11

12                                        By_____
                                              John A. Van Hook
13                                        Attorneys for Defendants
                                          DELTA-T GROUP, INC., DELTA-T
14                                        GROUP SAN DIEGO, INC. AND
                                          DELTA-T GROUP LOS ANGELES,
15                                        INC.

16

17

18

19

20

21

22

23

24

25

26

27

28                                       -9-

LA1 6784082.1

# Declaration of Scott McAndrews

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

VONDA NORRIS-WILSON, and
ABIGAIL PAPA, individually and on
behalf of other members of the general
public,

Plaintiffs,

v.

DELTA-T GROUP, INC., DELTA-T
GROUP SAN DIEGO, INC., and
DELTA-T GROUP LOS ANGELES,
INC.,

Defendants

Case No.

**DECLARATION OF SCOTT
MCANDREWS IN SUPPORT OF
DEFENDANTS' REMOVAL TO
DISTRICT COURT**

12
13
14
15
16
17
18
19
20
21

I, Scott McAndrews, declare as follows:

22

1.      I have personal knowledge of the facts stated herein, and if called to

23

testify, I could and would testify competently thereto.

24

2.      I am employed as the Vice President for Delta-T Group, Inc., Delta-T

25

Group San Diego, Inc., and Delta-T Los Angeles, Inc., the defendants in the above-

26

captioned lawsuit (the "Defendants").  In this position, I am charge of overseeing

27

our financial systems, including contractor billing.

28

LA1 6786290.1

3.      I understand that Plaintiffs' complaint alleges that the relevant time period in this case is from March 10, 2005 to the present.  During this time period, the average hourly rates for which Defendants processed contractor invoices for services rendered by the contractors for their clients in California varied substantially.  However, the approximate average hourly rate charged by Defendants' California contractors during this period was $15 per hour.

4.      Many California contractors who provided services for clients referred by Defendants since March 10, 2005, are no longer providing services through Delta-T referrals.  I estimate that approximately 900 contractors have stopped provided services through Delta-T referrals during this time period, although it is possible that many of these contractors will accept referrals from Defendants in the future.

5.      In the time period of March 10, 2005 to the present, approximately 105 California contractors accepted referrals through Defendants in an average week.


I declare under penalty of perjury under the laws of the State of California and the United States of America that the forgoing is true and correct.

Executed this 30th day of April, 2009, at Bryn Mawr, Pennsylvania.

_____
Scott McAndrews

-2-

LA1 6786290.1

**EXHIBIT** $\mathcal{A}$

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Delta-T Group, Inc., Delta-T Group San Diego, Inc., and Delta-T Group Los Angeles, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Vonda Norris-Wilson and Abigail Papa, individually, on behalf of other similarly situated individuals,and on behalf of the general public.

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br><br>F I L E D<br>Clerk of the Superior Court<br><br>MAR 2 6 2009<br><br>By: S. Little, Deputy</td></tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court, Central Courthouse<br>220 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nichols Kaster, PLLP,Paul J. Lukas, Michele R. Fisher, Rebekah L. Bailey, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, (612) 256-3200

| DATE:<br>*(Fecha)* | MAR 2 6 2009 | , Clerk, by | S. LITTLE | , Deputy |
|---|---|---|---|---|
| | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7070 |

PLAINTIFF(S) / PETITIONER(S):   Vonda Norris-Wilson

DEFENDANT(S) / RESPONDENT(S):   Delta-T Group, Inc. et al.

NORRIS-WILSON VS. DELTA-T GROUP, INO.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2009-00085524-CU-OE-CTL |
|---|---|

Judge:  Jay M. Bloom                                                    Department: C-70

COMPLAINT/PETITION FILED: 03/18/2009

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT),

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

CM-015

FOR COURT USE ONLY DIVISION

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
NICHOLS KASTER, PLLP, Paul J. Lukas, MN 22084X (pro hac vice application forthcoming), Michele R. Fisher, MN 303069 (pro hac vice application forthcoming), Rebekah L. Bailey, CA 258551, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402

TELEPHONE NO.: (612) 256-3200   FAX NO. *(Optional)*: (612) 338-4878
E-MAIL ADDRESS *(Optional)*: lukas@nka.com, fisher@nka.com, bailey@nka.com
ATTORNEY FOR *(Name)*: Vonda Norris-Wilson, Abigail Papa, et al.

2009 MAR 18  A 11: 53
SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego, Central Division
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

PLAINTIFF/PETITIONER: Vonda Norris-Wilson, Abigail Papa, et al.

DEFENDANT/RESPONDENT: Delta-T Group, et al.

| | |
|---|---|
| **NOTICE OF RELATED CASE** | CASE NUMBER: 37-2009-00085524-CU-OE-CTL |
| | JUDICIAL OFFICER: |
| | DEPT.: |

Identify, in chronological order according to date of filing, all cases related to the case referenced above.

1.  a. Title: Bamgbose, et al. v. Delta-T Group, Inc., Delta-T Group Social Service Staffing, Inc., DOES 1-4
    b. Case number: 2:09-cv-00667-MAM
    c. Court: [ ] same as above
        [✓] other state or federal court *(name and address)*: U.S. District Court, Eastern District of Pennsylvania
    d. Department: civil                    601 Market St., Rm # 2609, Philadelphia, PA 19106
    e. Case type: [ ] limited civil [ ] unlimited civil [ ] probate [ ] family law [✓] other *(specify)*: Federal quest.
    f. Filing date: 02/17/2009 ,
    g. Has this case been designated or determined as "complex?"   [ ] Yes   [✓] No
    h. Relationship of this case to the case referenced above *(check all that apply)*:
        [✓] Involves the same parties and is based on the same or similar claims.
        [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        [ ] Involves claims against, title to, possession of, or damages to the same property.
        [ ] Is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            [ ] Additional explanation is attached in attachment 1h
    i. Status of case:
        [✓] pending
        [ ] dismissed  [ ] with  [ ] without prejudice
        [ ] disposed of by judgment

2.  a. Title:
    b. Case number:
    c. Court: [ ] same as above
        [ ] other state or federal court *(name and address)*:
    d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Page 1 of 3
Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2009-00085524-CU-OE-CTL      CASE TITLE: Norris-Wilson vs. Delta-T Group, Inc.

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR -- i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute -- the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:       Central | |

| PLAINTIFF(S):   Vonda Norris-Wilson |
|---|
| DEFENDANT(S): Delta-T Group, Inc. et.al. |
| SHORT TITLE:   NORRIS-WILSON VS. DELTA-T GROUP, INC. |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER:<br>37-2009-00085524-CU-OE-CTL |
|---|---|

Judge: Jay M. Bloom                                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- [ ] Court-Referred Mediation Program
- [ ] Private Neutral Evaluation
- [ ] Private Mini-Trial
- [ ] Private Summary Jury Trial
- [ ] Private Settlement Conference with Private Neutral
- [ ] Other (specify): _____

- [ ] Court-Ordered Nonbinding Arbitration
- [ ] Court-Ordered Binding Arbitration (Stipulated) *
- [ ] Private Reference to General Referee
- [ ] Private Reference to Judge
- [ ] Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date:_____        Date:_____

Name of Plaintiff                       Name of Defendant

Signature                               Signature

Name of Plaintiff's Attorney            Name of Defendant's Attorney

Signature                               Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 03/10/2009                       _____
                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION        Page 1

3

COPY ORIGINAL FILED 12
CENTRAL DIVISION

2009 MAR 19  A 11: 53

CLERK - SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   NICHOLS KASTER, PLLP
Paul J. Lukas, MN State Bar No. 22084X
2   (*pro hac vice* application forthcoming)
Michele R. Fisher, MN State Bar No. 340133
3   (*pro hac vice* application forthcoming)
Rebekah L. Bailey, CA Attorney No. 258551
4   4600 IDS Center
80 South Eighth Street
5   Minneapolis, MN 55402
Telephone: (612) 256-3200
6   Facsimile: (612) 215-6870

7   NICHOLS KASTER, LLP
Matthew C. Helland, CA Attorney No. 250451
8   Helland@nka.com
One Embarcadero Center, Suite 720
9   San Francisco, CA 94111
Telephone: (415) 277-7235
10  Facsimile: (415) 277-7238

11  Attorneys for Individual and Representative Plaintiff

12

13          SUPERIOR COURT FOR THE STATE OF CALIFORNIA
                   FOR THE COUNTY OF SAN DIEGO
14                        CENTRAL DIVISION        37-2009-00085524-CU-OE-CTL

15  VONDA NORRIS-WILSON, and            Case No.:
    ABIGAIL PAPA, individually, on behalf
16  of other similarly situated individuals,   CLASS ACTION COMPLAINT
    and on behalf of the general public,        FOR DAMAGES, RESTITUTION,
17                                               AND INJUNCTIVE RELIEF

18          Plaintiffs,                  (1) Violation of California Wage and Hour
                                             Laws, Cal. Labor Code §§ 510, 1194,
19                                           1198, and Cal. Wage Ord. No. 4;

20          v.                           (2) Waiting Time Penalties,
                                             Cal. Labor Code §§ 201–03;
21  DELTA-T GROUP, INC., DELTA-T
    GROUP SAN DIEGO, INC., and          (3) Failure to Provide and/or Authorize
22  DELTA-T GROUP LOS ANGELES,              and Permit Meal & Rest Periods
    INC.,                                    Cal. Labor Code § 226.7, 512, and Cal.
23                                           Wage Ord. No. 4;

24          Defendants.                  (4) Failure to Provide Itemized Wage
                                             Statements, Cal. Labor Code § 226;
25                                       (5) Failure to Indemnify Expenses, Cal.
26                                           Labor Code § 2802; and

27                                       (6) Unfair Competition, Cal. Bus. & Prof.
                                             Code § 17200, et. seq.
28
                                                 JURY TRIAL DEMANDED

                        CLASS ACTION COMPLAINT

1    Plaintiffs Vonda Norris-Wilson and Abigail Papa, ("Plaintiffs"), on behalf of

2  themselves and all others who worked for Defendants Delta-T Group, Inc. Delta-T Group

3  San Diego, Inc., and/or Delta-T Group Los Angeles, Inc. ("Defendants") and were

4  classified as "independent contractors" (hereinafter collectively "the Class Members")

5  allege as follows:

### NATURE OF PLAINTIFFS' CLAIMS

7    1.    Plaintiffs bring this lawsuit pursuant to section 382 of the California Code

8  of Civil Procedure to remedy violations of the Labor Code sections 201–202, 226, 226.7,

9  510, 512, 2802, the Business & Professions Code section 17200, et seq., Wage Order

10  Number 4, and other applicable state laws. Plaintiffs and the Class Members work(ed) for

11  Defendants, out of the Los Angeles and/or San Diego offices. During this time,

12  Defendants willfully and maliciously misclassified Plaintiffs and the Class Members as

13  "independent contractors," evading multiple state law requirements and resulting in a

14  failure to properly compensate workers for all time worked at the applicable rate.

### JURISDICTION

16    2.    This Court has jurisdiction over Plaintiffs' and the Class Members' causes

17  of actions alleged herein under section 410.10 of the Code of Civil Procedure.

### VENUE

19    3.    Some of the employment which is the subject of this action was performed

20  in the County of San Diego, State of California. Plaintiffs certify that venue is proper in

21  this judicial district pursuant to the Code of Civil Procedure section 395(a) and San Diego

22  Superior Court Rule 1.2.2.

### PARTIES

24    4.    Plaintiff Vonda Norris-Wilson is a resident of the County of San Diego in

25  the State of California, and she worked as a drug & alcohol counselor and receptionist for

26  Defendants and their clients out of Defendants' office located in San Diego, California.

27  Plaintiff works as Defendants' employee as defined by the California Wage Order

28  Number 4.

-2-

CLASS ACTION COMPLAINT

5.      Plaintiff Abigail Papa is a resident of the County of Riverside in the State of California, and she works as a temporary special education school instructor, for Defendants and their clients out of Defendants' office located in San Diego, California. Plaintiff works as Defendants' employee as defined by the California Wage Order Number 4.

6.      Defendant Delta-T Group, Inc. is incorporated in Pennsylvania with its principle place of business in Bryn Mawr, Pennsylvania. Defendant Delta-T Group, Inc., recruits, hires, places, schedules, supervises, and compensates Plaintiffs and the Class Members, who in turn provide employee services to Delta-T Group, Inc.'s clients. It owns and operates sixteen offices—including one located in Los Angeles and one located in San Diego—that place workers at client facilities across the state of California. Defendant Delta-T Group, Inc. suffers and permits Plaintiffs and the Class Members to work on behalf of it and its clients. Defendant Delta-T Group, Inc. is an "employer" within the meaning of the California Wage Order Number 4.

7.      Defendant Delta-T Group San Diego, Inc. is domiciled in San Diego, California. Defendant Delta-T Group San Diego, Inc., recruits, hires, places, schedules, supervises, and compensates Plaintiffs and the Class Members, who in turn provide employee services to client facilities. Defendant Delta-T Group San Diego, Inc. suffers and permits Plaintiffs and Class Members to work on behalf of it and its clients. Defendant Delta-T Group San Diego, Inc. is an "employer" within the meaning of the California Wage Order Number 4.

8.      Defendant Delta-T Group Los Angeles, Inc. is domiciled in Los Angeles, California. Defendant Delta-T Group Los Angeles, Inc., recruits, hires, places, schedules, supervises, and compensates Class Members, who in turn provide employee services to client facilities. Defendant Delta-T Group Los Angeles, Inc. suffers and permits Class Members to work on behalf of it and its clients. Defendant Delta-T Group Los Angeles, Inc. is an "employer" within the meaning of the California Wage Order Number 4.

//

-3-

CLASS ACTION COMPLAINT

## FACTUAL BACKGROUND

9.    During the applicable statutory period, Plaintiffs and the Class Members work(ed) for Defendants and their clients.

10.    Although Defendants classify their workers as "independent contractors," Plaintiffs and the Class Members have acted and continue to act as employees in fact.

11.    Defendants, among other things, recruit, interview, hire, place, schedule, supervise, and compensate Plaintiffs and the Class Members.   Defendants maintain absolute discretion regarding where and whether to assign these workers to clients.

12.    For each worker, Defendants select one or more clients, set hourly pay-rates, create work schedules, track hours worked, maintain employment records, and supervise.

13.    Upon Information and belief, Plaintiffs and the Class Members experience no opportunity for profit or loss (beyond their hourly pay rate) for the work they perform.

14.    Upon information and belief, Defendants' clients directly pay Defendants for work performed by Plaintiffs and the Class Members.  In turn, Defendants compensate workers after first deducting a "brokerage" fee.

15.    Plaintiffs and the Class Members do not invest in equipment or materials to perform work for Defendants or their clients.   Rather, all necessary equipment and materials are provided by either Defendants or their clients.

16.    Defendants' sole business is the hiring and placing of workers with facilities that experience employment needs; therefore, the services rendered by these workers are an integral part of Defendants' business.

17.    Upon assigning Plaintiffs and the Class Members with client facilities, Defendants maintain a continuous and ongoing relationship with them.   Rather than collect a one-time placement/brokerage fee, Defendants receive compensation for each hour that the workers perform duties for clients.

18.    Upon information and belief, Defendants impede Plaintiffs' and the Class Members' ability to achieve direct-employment with clients by forcing them to agree not

-4-

1    to obstruct Defendants' collection of fees until six months after the working-relationship

2    with the client expires.

3         19.    Plaintiffs and the Class Members regularly and customarily work in excess

4    of forty (40) hours per week.

5         20.    In turn, they are compensated at a flat hourly rate of pay for all hours

6    worked.

7         21.    Defendants provide no additional compensation, such as half-time, for

8    overtime hours worked.

9         22.    Using this compensation method, Defendants deny Plaintiffs and the Class

10   Members proper overtime compensation as required by California wage and hour laws.

11        23.    Upon information and belief, Defendants do not provide Plaintiffs and the

12   Class Members with the appropriate meal and rest breaks.

13        24.    Upon information and belief, Defendants do not provide Plaintiffs and the

14   Class Members with the appropriate itemized wage statements.

15        25.    Upon information and belief, Plaintiffs and Class Members incurred

16   necessary expenditures or losses, such as those associated with driving to and from client-

17   sites, for which they were not reimbursed.

18        26.    Defendants' unlawful conduct is widespread, repetitious, and consistent,

19   affecting all healthcare workers in California.

20                        **CLASS ACTION ALLEGATIONS**

21        27.    Plaintiffs and the Class Members hereby re-allege and incorporate the

22   foregoing paragraphs of this Complaint.

23        28.    Plaintiffs seek to represent a class, pursuant to section 382 of the Code of

24   Civil Procedure, because there is a well-defined community of interest in the litigation and

25   because the proposed class is easily ascertainable.

26        29.    The proposed class is defined as follows:

27             All persons who currently work or have worked in

28             California for Defendant(s) as healthcare workers from

                              -5-

1  March 10, 2005 to the present, and are/were classified as

2  independent contractors by Defendant(s).

3      30.  Plaintiffs seek certification of this lawsuit as a class action, in order that

4  their rights and the rights of the Class Members, relating to overtime wages, punitive

5  damages, liquidated damages, prejudgment interest, and any other damages due, be

6  resolved.

7      31.  This action is brought pursuant to section 382 because the Class is so

8  numerous that joinder of all members is impracticable. While the precise number of Class

9  Members has not been determined at this time, upon information and belief, Defendants

10  have registered in excess of twenty-five hundred (2,500) individuals as workers, who

11  satisfy the class definition, working out of Defendants' California offices during the

12  applicable statute of limitations.

13      32.  Furthermore, those Class Members still registered with Defendants may be

14  reluctant to raise individual claims for fear of retaliation.

15      33.  The issues surrounding this lawsuit present common questions of law and

16  fact, and these common questions predominate over the variations, if any, which may

17  exist between members of the Class. These common questions of law and fact include,

18  without limitation:

19      a)  Whether Defendants misclassified Plaintiffs and the

20  Class Members as independent contractors, thus excluding

21  them from employee protections available under California

22  laws;

23      b)  Whether Defendants have the right to exercise, and

24  do in fact exercise, a degree of control over Plaintiffs and

25  the Class Members; ·

26      c)  Whether Plaintiffs and the Class Members have the

27  opportunity for profit and loss arising out of their working

28  relationship with Defendants;

-6-

CLASS ACTION COMPLAINT

d)      Whether Plaintiffs and the Class Members use their own tools, equipment, and supplies in performing work or whether they use the tools, equipment, and supplies supplied by Defendants or their clients;

e)      Whether the work performed by Plaintiffs and the Class Members constitutes an integral part of the business operated by Defendants.

f)      Whether Plaintiffs and the Class Members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

g)      Whether Plaintiffs and the Class Members worked overtime hours for which they were not compensated at the applicable overtime rate;

h)      Whether Defendants unlawfully failed to pay overtime compensation, pursuant to Labor Code section 510 and Wage Order Number 4;

i)      Whether Defendants' policy and practice of failing to pay its employees all wages due within the time required by law after their employment ends violates the Labor sections 201-03;

j)      Whether Defendants unlawfully failed to provide Plaintiffs and the Class Members with the requisite meal and rest breaks, Cal. Labor Code §§ 226.7, 512; Cal. Wage Ord. No. 4;

k)      Whether Defendants failed to comply with the California Wage Statement Provision, Cal. Labor Code § 226, Cal. Wage Ord. No. 4;

-7-

CLASS ACTION COMPLAINT

l)      Whether Defendants failed to indemnify Plaintiffs and the Class Members for all necessary expenditures or losses they incurred pursuant to Labor Code section 2802;

m)      Whether Defendants' unlawful practices alleged herein amounted to unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code section 17200 et seq.; and

n)      Whether Defendants' actions were "willful."

34.      Plaintiffs' interests in the subject matter and remedy sought are typical of those of the other Class Members.   Plaintiffs, like other members of the Class, were subjected to Defendants' policies and practices of (1) misclassifying workers, (2) refusing to pay overtime and other wages owed, (3) failing to provide requisite meal and rest breaks, (4) failing to properly include all necessary information on wage statements, (5) failure to indemnify workers of business expenses, and (6) engaging in unfair business competition in violation of California law.   Plaintiffs' job duties were typical of those other Class Members.   Plaintiffs and the Class Members sustained injuries arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

35.      Plaintiffs are able to fairly and adequately represent and protect the interests of the Class.

36.      Plaintiffs' Counsel is competent and experienced in litigating large wage and hour claims and other employment class actions.

37.      Individual actions by each member of the class injured or affected would result in a multiplicity of actions, and potentially inconsistent judgments, creating a hardship to Plaintiffs, the Class Members, to the Court, and to Defendants. The damages suffered by the individual Class Members are small compared to the expense and burden of vigorous individual prosecution of this litigation against corporate Defendants.

-8-

CLASS ACTION COMPLAINT

1   Accordingly, a class action is the superior method for the fair and efficient adjudication of

2   this lawsuit and distribution of the common fund to which the Class is entitled.

3        38.    Plaintiffs intend to send notice to all members of the Class to the extent

4   required by the Code of Civil Procedure.

5   **FIRST CAUSE OF ACTION**

6   **VIOLATIONS OF CALIFORNIA WAGE AND HOUR LAW**

7   **(Cal. Labor Code §§ 510, 1194, & 1198, and Cal. Wage Ord. No. 4)**

8        39.    Plaintiffs and the Class Members allege and incorporate by reference the

9   allegations in the preceding paragraphs.

10        40.    California Labor Code section 510 and California Wage Order Number 4

11   require employers to pay overtime compensation to all non-exempt employees for all

12   hours worked over forty per week, or over eight per day.

13        41.    Plaintiffs and the Class Members are non-exempt employees in fact

14   entitled to proper overtime compensation for all hours worked.

15        42.    Throughout the applicable statute of limitations, Plaintiffs and the Class

16   Members work(ed) in excess of eight hours in a work day and/or forty hours in a work

17   week.

18        43.    During the Class Period, Defendants failed and refused to pay Plaintiffs

19   and the Class Members proper overtime compensation for overtime hours worked.

20        44.    This failure violates the California Labor Code section 510 and Wage

21   Order Number 4.

22        45.    As a direct and proximate result of Defendants' unlawful conduct, as set

23   forth herein, Plaintiffs and the Class have sustained damages, including loss of earnings

24   for hours of overtime worked on behalf of Defendants in an amount to be established at

25   trial, payment for prejudgment interest, and costs and attorneys' fees, pursuant to

26   California Labor Code section 1194 and other applicable law.

27        //

28        //

-9-

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Cal. Labor Code §§ 201–03)

46.     Plaintiffs and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

47.     California Labor Code sections 201, 201.3, and 202 require Defendants to pay their employees all wages due within the time specified by law.  If employers willfully fail to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.  Cal. Labor Code § 203.

48.     More than thirty days have passed since Plaintiff Vonda Norris-Wilson and certain Class Members left Defendants' employ.

49.     To date, Plaintiff Vonda Norris-Wilson and those Class Members have not received such compensation.

50.     Defendants' willful and deliberate misclassification of Plaintiffs and the Class Members, led to improper compensation under California law.

51.     As a consequence of Defendants' willful conduct in not paying proper compensation for all hours worked, Plaintiff Vonda Norris-Wilson and the Class Members, whose employment ended during the Class Period, are entitled to thirty days wages under Labor Code section 203, together with interest thereon, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE, AUTHORIZE AND/OR PERMIT

### MEAL AND REST PERIODS

### (Cal. Labor Code §§ 226.7, 512, and Cal. Wage Ord. No. 4)

52.     Plaintiffs and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

//

-10-

CLASS ACTION COMPLAINT

53.    Employers must provide their employees with the requisite meal and rest breaks when said employees work in excess of five hours in a day, and the employer must provided a second meal break when employee work in excess of ten hours in a day. Cal. Labor Code § 512; Cal. Wage Ord. No. 4.

54.    Employers must authorize a ten minute rest period for every four hours their employees work during a given shift. Cal. Labor Code § 226.7; Cal. Wage Ord. No. 4.

55.    Employers cannot require employees to work during a meal or rest period. Cal. Labor Code § 226.7.

56.    If an employer fails to satisfy California Labor Code sections 226.7 and 512, then it shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the break was not provided.

57.    Plaintiffs and the Class Members are employees in fact.

58.    Plaintiffs and the Class Members routinely worked shifts long enough to qualify them for the enjoyment of statutorily required meal and rest breaks.

59.    Defendants failed to provide Plaintiffs and the Class Members with the requisite meal and rest breaks. Likewise, Defendants failed to provide them with premium compensation for the missed meal and rest breaks.

60.    Plaintiffs and the Class Members are therefore entitled to payment of additional wages as provided by law.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISION

### (Cal. Labor Code § 226, and Wage Ord. No. 4)

61.    Plaintiffs and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

62.    Each time wages are paid, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. Cal. Labor Code § 226(a).

-11-

CLASS ACTION COMPLAINT

63.   The statements provided to Plaintiffs and the Class Members do not accurately reflect actual gross wages earned and the total hours worked.

64.   Defendants knowingly and intentionally fail to provide timely, accurate, itemized wage statements to Plaintiffs and the Class Members in accordance with Labor Code section 226.

65.   Therefore, Plaintiffs and the Class Members are entitled to recover the greater of their actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.  Cal. Labor Code § 226(e).

## FIFTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY EXPENSES

### (Cal. Labor Code § 2802)

66.   Plaintiffs and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

67.   Section 2802 of the Labor Code prohibits an employer from making the employee bear the burden of necessary expenditures or losses incurred in direct consequence of either the discharge of the employee's duties, or the employee's obedience to the directions of the employer.

68.   Plaintiffs and the Class Members are employees in fact.

69.   Plaintiffs and the Class Members routinely incurred necessary expenditures or losses in their travels to, from, and between client-sites, running errands for Defendants' clients, transporting Defendants' clients' patients, and for other costs incurred in obedience to Defendants' and their clients' duties.

70.   As a result, Defendants are liable to Plaintiffs and the Class Members for these expenditures and losses and reasonable attorneys' fees and costs.

//

//

-12-

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

#### (Cal. Bus. & Prof. Code § 17200, et. seq.)

71.    Plaintiffs and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

72.    The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

73.    Upon information and belief, Defendants commit acts of unfair competition by all of the foregoing alleged conduct:   by failing and refusing to compensate Plaintiffs and the Class Members for all earned overtime compensation, by failing to timely compensate Plaintiff Vonda Norris-Wilson and the Class Members in the time defined by law, by declining to provide meal and rest break premiums when earned, by failing to provide itemized wage statements, by failing to indemnify Plaintiffs and the Class Members for necessary expenditures and losses, by entering into contracts in violation of the Business and Professions Code section 16600, by failing to comply with other state and federal laws applicable to "employers," and by engaging in other acts and conduct alleged above.

74.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph each constitute a separate and independent violation of the UCL.  Defendants' conduct described herein violates the policy, spirit, and letter of such laws and otherwise significantly threatens or harms competition.

75.    As a direct and proximate result of the unfair business practices described above, the general public, Plaintiffs and the Class Members have all suffered and continue to suffer significant losses and Defendants have been unjustly enriched.

//

//

-13-

CLASS ACTION COMPLAINT

76.   Pursuant to California Business and Professions Code section 17203 and the Code of Civil Procedure section 1021.5, Plaintiffs and the Class Members are entitled to restitutionary damages, injunctive relief, and attorneys' fees and costs.

## PRAYER FOR RELIEF

77.   WHEREFORE, the Plaintiffs and the Class Members, pray for relief as follows:

A.   Certification of this action as a class action on behalf of the proposed Class;

B.   Designation of Plaintiffs as the Class Representatives;

C.   Appointment of Nichols Kaster, PLLP, and Nichols Kaster, LLP as class counsel and lead counsel for the Class;

D.   Declaratory judgment that the practices complained of herein are unlawful under California state law;

E.   Appropriate statutory penalties under the California Labor Code;

F.   An award of damages, liquidated damages, and restitution to be paid by Defendants according to proof;

G.   Pre-Judgment and Post-Judgment interest, as provided by law;

H.   Such other injunctive and equitable relief as the Court may deem just and proper;

I.   Attorneys' fees and costs of suit, including expert fees and fees pursuant to Labor Code sections 218.5, 1194, 2802(c), the Code of Civil Procedure section 1021.5, and other applicable state laws; and

-14-

CLASS ACTION COMPLAINT

1        J.     An award of any further and additional relief to

2           which they may be entitled.

3               **DEMAND FOR JURY TRIAL**

4       78.     Plaintiffs and the Class Members hereby demand a jury trial with respect to

5  all causes of actions and claims for which they have a right to jury trial.

6

7                        Respectfully submitted,

8

9  Dated: 03/16/09          NICHOLS KASTER, PLLP

10                   By:

11                      Rebekah L. Bailey

12            NICHOLS KASTER, LLP

13            ATTORNEYS FOR INDIVIDUAL AND

14            REPRESENTATIVE PLAINTIFFS

-15-

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Rebekah L. Bailey, CA Bar No: 258531 - Nichols Kaster, PLLP 4600 IDS Center, 80 South Eighth Street Minneapolis, MN 55402 | |

TELEPHONE NO.: (612) 256-3200 FAX NO.: (612) 215-6870
ATTORNEY FOR (Name): Vonda Norris-Wilson, Abigail Papa, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego, Central Division
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

CASE NAME:
Vonda Norris-Wilson, Abigail Papa, et al. v Delta T-Group Inc, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
**4.** Number of causes of action (specify):
**5.** This case [✓] is [ ] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/16/09

Rebekah L. Bailey
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# EXHIBIT B

COPY

1  SEYFARTH SHAW LLP
   Kenneth D. Sulzer (State Bar No. 120253)
2  John A. Van Hook (State Bar No. 205067)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  Attorneys for Defendants
   DELTA-T GROUP, INC., DELTA-T GROUP
6  SAN DIEGO, INC., and DELTA-T GROUP
   LOS ANGELES, INC.

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10           FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

11  VONDA NORRIS-WILSON, and ABIGAIL      )  Case No. 37-2009-00085524-CU-OE-CTL
    PAPA, individually and on behalf of other )
12  members of the general public,           )  [Assigned to Hon. Jay M. Bloom, Dept 70]
                                             )
13              Plaintiffs,                   )  DEFENDANTS' ANSWER TO
                                             )  PLAINTIFFS' UNVERIFIED
14         v.                                 )  COMPLAINT
                                             )
15  DELTA-T GROUP, INC., DELTA-T GROUP      )  Complaint Filed:  March 18, 2009
    SAN DIEGO, INC., and DELTA-T GROUP      )  Trial Date:  None
16  LOS ANGELES, INC.,                       )
                                             )
17              Defendants.                   )
                                             )
18                                           )
                                             )
19  _____     )

20  TO THE COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD:

21         Defendants Delta-T Group, Inc., Delta-T Group San Diego, Inc., and Delta-T Group Los

22  Angeles, Inc. ("Defendants"), hereby answer the unverified Complaint (the "Complaint") of

23  Plaintiffs Vonda Norris-Wilson and Abigail Papa ("Plaintiffs") as follows:

24         Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

25  Defendants deny, generally and specifically, each and every allegation, statement, matter and

26  each purported cause of action contained in the Complaint, and without limiting the generality of

27  the foregoing, deny, generally and specifically, that Plaintiffs, or any member of the putative

28

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
LA1 6756751.1

SEYFARTH SHAW LLP
Kenneth D. Sulzer (State Bar No. 120253)
John A. Van Hook (State Bar No. 205067)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
DELTA-T GROUP, INC., DELTA-T GROUP
SAN DIEGO, INC., and DELTA-T GROUP
LOS ANGELES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| VONDA NORRIS-WILSON, and ABIGAIL PAPA, individually and on behalf of other members of the general public, | Case No. 37-2009-00085524-CU-OE-CTL |
| | [Assigned to Hon. Jay M. Bloom, Dept 70] |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT** |
| v. | |
| DELTA-T GROUP, INC., DELTA-T GROUP SAN DIEGO, INC., and DELTA-T GROUP LOS ANGELES, INC., | Complaint Filed: March 18, 2009 Trial Date: None |
| Defendants. | |

TO THE COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants Delta-T Group, Inc., Delta-T Group San Diego, Inc., and Delta-T Group Los Angeles, Inc. ("Defendants"), hereby answer the unverified Complaint (the "Complaint") of Plaintiffs Vonda Norris-Wilson and Abigail Papa ("Plaintiffs") as follows:

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, deny, generally and specifically, that Plaintiffs, or any member of the putative

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

1   class, has been damaged in the manner or sums alleged, or in any way at all, by reason of any
2   acts or omissions of Defendants.

3        In further answer to the Complaint, and as separate and distinct affirmative defenses to
4   the purported causes of action set forth in the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint, and each cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver/Estoppel)**

Plaintiffs' Complaint, and each cause of action therein, are barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiffs' Complaint, and each cause of action therein, are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiffs' Complaint, and each cause of action therein, are barred because Plaintiffs consented to all of Defendants' actions.

### FIFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiffs' Complaint, and each cause of action therein, are barred by the doctrine of unclean hands.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

LA1 6783671.1

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' Complaint, and each cause of action therein, are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 338 and 340, and California Business & Professions Code section 17208.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

Plaintiffs are not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendants did not willfully fail to comply with the compensation provisions of the California Labor Code section 200, *et seq.*, but rather acted in good faith, and there exists a good faith dispute that any wages are due to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiffs' claims are barred pursuant to an accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs' and/or the putative class action members' claims are barred because to the extent they have executed a valid and enforceable general release of Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Plaintiffs' claims are barred by the doctrine of *res judicata* to the extent they were asserted, or could have been asserted, in previous litigation brought by, or on behalf of, Plaintiffs against Defendants.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

LAI 6783671.1

### ELEVENTH AFFIRMATIVE DEFENSE

#### (No Section 17200 Standing)

Plaintiffs' claims under Business & Professions Code section 17200, *et seq.*, are barred to the extent that Plaintiffs lack standing to sue pursuant to Business & Professions Code sections 17203 and 17204.

### TWELFTH AFFIRMATIVE DEFENSE

#### (No Recovery under Section 17200)

Plaintiffs improperly seek through their cause of action under Business & Professions Code section 17200 to recover statutory penalties or other monies that are not recoverable under this statute.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Injunctive Relief Barred)

To the extent Plaintiffs purport to bring a claim for injunctive relief, Plaintiffs' claims are barred because Plaintiffs have an adequate and complete remedy at law and/or Plaintiffs cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code section 1138.1, *et seq.*

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Independent Contractor Status)

Plaintiffs' causes of action brought under the California Labor Code are barred because Plaintiffs were not employed by Defendants. Instead, Plaintiffs provided services as independent contractors to clients of Defendants.

### PRAYER

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1.     That Plaintiffs take nothing by their Complaint;

2.     That judgment be entered in favor of Defendants and against Plaintiffs on all causes of action;

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

LA1 6783671.1

1      3.      That Defendants be awarded reasonable attorneys' fees and costs according to

2  proof; and

3      4.      That Defendants be awarded such other and further relief as the Court may deem

4  appropriate.

5

6  DATED:  April 29, 2009                    SEYFARTH SHAW LLP

7

8                                           By_____
                                                Kenneth D. Sulzer
9                                           Attorneys for Defendants
                                            DELTA-T GROUP, INC., DELTA-T
10                                          GROUP SAN DIEGO, INC., and DELTA-T
                                            GROUP LOS ANGELES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 6783671.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                          )   ss
COUNTY OF LOS ANGELES     )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On April 29, 2009, I served the within documents:

**DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

[X]    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

[ ]    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ]    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| NICHOLS KASTER, PLLP<br>Paul J. Lukas<br>Michele R. Fisher<br>Rebekah L. Bailey<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Tel: (612) 256-3200<br>Fax: (612) 215-6870 | NICHOLS KASTER, LLP<br>Matthew C. Helland<br>One Embarcadero Center, Ste. 720<br>San Francisco, CA 94111<br>Tel: (415) 277-7235<br>Fax: (415) 277-7238 |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on April 29, 2009, at Los Angeles, California.

_Dolores Scozze_
Dolores Scozzeri

**EXHIBIT** C

# EXHIBIT C



1  SEYFARTH SHAW LLP
   Kenneth D. Sulzer (State Bar No. 120253)
2  John A. Van Hook (State Bar No. 205067)
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  Attorneys for Defendants
   DELTA-T GROUP, INC., DELTA-T GROUP
6  SAN DIEGO, INC., and DELTA-T GROUP
   LOS ANGELES, INC.

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

11  VONDA NORRIS-WILSON, and ABIGAIL          )  Case No. 37-2009-00085524-CU-OE-CTL
    PAPA, individually and on behalf of other )
12  members of the general public,            )  Assigned to Hon. Jay M. Bloom, Dept. 70
                                              )
13              Plaintiffs,                   )  PEREMPTORY CHALLENGE
                                              )  [C.C.P. § 170.6]
14          v.                                )
                                              )  Complaint Filed: March 18, 2009
15  DELTA-T GROUP, INC., DELTA-T GROUP        )
    SAN DIEGO, INC., and DELTA-T GROUP        )  Trial Date: None
16  LOS ANGELES, INC.,                        )
                                              )
17              Defendants.                   )
                                              )
18                                            )
                                             ))
19                                            )

20          I, John A. Van Hook, declare as follows:

21          1.      I am an attorney in good standing in the State of California and am an associate

22  with the law firm of Seyfarth Shaw LLP, attorneys of record for Defendants Delta-T Group, Inc.,

23  Delta-T Group San Diego, Inc., and Delta-T Group Los Angeles, Inc. (collectively

24  "Defendants"). I make the following declaration on the basis of my own knowledge and, if

25  called upon to do so, can testify to the following facts.

26

27

28
                                          1
                              PEREMPTORY CHALLENGE
    LA1 6783675.1

SEYFARTH SHAW LLP
Kenneth D. Sulzer (State Bar No. 120253)
John A. Van Hook (State Bar No. 205067)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
DELTA-T GROUP, INC., DELTA-T GROUP
SAN DIEGO, INC., and DELTA-T GROUP
LOS ANGELES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| VONDA NORRIS-WILSON, and ABIGAIL PAPA, individually and on behalf of other members of the general public,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELTA-T GROUP, INC., DELTA-T GROUP SAN DIEGO, INC., and DELTA-T GROUP LOS ANGELES, INC.,<br><br>    Defendants. | Case No. 37-2009-00085524-CU-OE-CTL<br><br>*Assigned to Hon. Jay M. Bloom, Dept. 70*<br><br>**PEREMPTORY CHALLENGE**<br>**[C.C.P. § 170.6]**<br><br>Complaint Filed: March 18, 2009<br><br>Trial Date: None |

I, John A. Van Hook, declare as follows:

1.     I am an attorney in good standing in the State of California and am an associate with the law firm of Seyfarth Shaw LLP, attorneys of record for Defendants Delta-T Group, Inc., Delta-T Group San Diego, Inc., and Delta-T Group Los Angeles, Inc. (collectively "Defendants"). I make the following declaration on the basis of my own knowledge and, if called upon to do so, can testify to the following facts.

---

1

PEREMPTORY CHALLENGE

LA1 6783675.1

2.   I believe that the judge to whom the trial of the instant action has been assigned is prejudiced against the interests of Defendants and/or its attorneys, so that I believe Defendants cannot have a fair and impartial trial before said judge.

3.   This peremptory challenge was filed within the time limits set forth in Code of Civil Procedure section 170.6 and Government Code section 68616.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 29, 2009 at Los Angeles, California.

John A. Van Hook

LAI 6783675.1

2

PEREMPTORY CHALLENGE

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        )  ss
COUNTY OF LOS ANGELES   )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On April 29, 2009, I served the within documents:

**PEREMPTORY CHALLENGE**
**[C.C.P. § 170.6]**

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| NICHOLS KASTER, PLLP<br>Paul J. Lukas, MN<br>Michele R. Fisher<br>Rebekah L. Bailey<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Tel: (612) 256-3200<br>Fax: (612) 215-6870 | NICHOLS KASTER, LLP<br>Matthew C. Helland<br>Helland @nka.com<br>One Embarcadero Center,  Ste. 720<br>San Francisco, CA 94111<br>Tel: (415) 277-7235<br>Fax: (415) 277-7238 |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on April 29, 2009, at Los Angeles, California.

                    _____
                        Dolores Scozzesi

3

LA1 6783675.1

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TEMI BAMGBOSE, individually and on behalf of other similarly situated individuals, | : | Case No.:   2:09-cv-00667-MAM |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| DELTA-T GROUP, INC., its predecessors, successors, subsidiaries, and/or assigns, DELTA-T GROUP SOCIAL SERVICE, STAFFING, INC. and DOES 1 through 4, | : | |
| | : | |
| Defendants. | : | |

---

**NOTICE OF CONSENT FILING**

---

PLEASE BE ON NOTICE, that pursuant to 29 U.S.C. § 216, Plaintiff(s) hereby file the attached Consent Form(s) for the following person(s):

Wilson          Vonda

Respectfully submitted,

CONSOLE LAW OFFICES LLC

Dated:   March 5, 2009     s/Laura C. Mattiacci
LAURA C. MATTIACCI, PA Bar No. 89643
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676
mattiacci@consolelaw.com

NICHOLS KASTER, PLLP
Paul J. Lukas, MN Bar 22084X
Michele R. Fisher, MN Bar No. 303069
Rebekah L. Bailey, CA Bar No. 258551
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 218-4870

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE
CLASS MEMBERS

# DELTA-T GROUP

## PLAINTIFF CONSENT FORM

I hereby consent to make a claim against Delta-T Group for overtime pay. During the past three years, I worked as a healthcare professional for Delta-T Group. I often worked over 40 hours per week and was only paid my standard hourly rate for this time. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Delta-T Group.

Signature                        Date  11/13/08

Print Name  Vonda Norris Wilson

REDACTED

Fax, Mail or Email to:   Nichols Kaster, PLLP
Attn: Michele R. Fisher
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: fisher@nka.com
Web: www.overtimecases.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEMI BAMGBOSE, individually and on behalf of other similarly situated individuals, | : | Case No.:    2:09-cv-00667-MAM |
| Plaintiffs, | : | |
| v. | : | |
| DELTA-T GROUP, INC., its predecessors, successors, subsidiaries, and/or assigns, DELTA-T GROUP SOCIAL SERVICE, STAFFING, INC. and DOES 1 through 4, | : | |
| Defendants. | : | |

## NOTICE OF CONSENT FILING

PLEASE BE ON NOTICE, that pursuant to 29 U.S.C. § 216, Plaintiff(s) hereby file the attached Consent Form(s) for the following person(s):

| | |
|---|---|
| Benjamin | Courtney |
| Campbell | Heather |
| Cooper,III | Theodore |
| Gavin | Robert |
| Greenberg | Andrea |
| McRavion | Beth |
| Muhammad | Bruce |
| Noel | Keva |
| Norris | Denise |
| Norris | Shabon |
| Papa | Abigail |
| Smith | LaDawne |

Respectfully submitted,

Dated: 2/20/09

CONSOLE LAW OFFICES LLC

*Laura C. Mattiacci/db*

LAURA C. MATTIACCI, PA Bar No. 89643
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676
mattiacci@consolelaw.com

NICHOLS KASTER, PLLP
Paul J. Lukas, MN Bar 22084X
Michele R. Fisher, MN Bar No. 303069
Rebekah L. Bailey, CA Bar No. 258551
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 218-4870

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE
CLASS MEMBERS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2009, I caused the following document(s):

Notice of Consent Filing

to be filed electronically with the Clerk of Court through ECF. These document(s) will subsequently be served by messenger upon the following:

Delta-T Group, Inc.                          Delta-T Group Social Service Staffing, Inc.
101 S. Bryn Mawr Ave., Ste 170               101 S. Bryn Mawr Ave., Ste 170
Bryn Mawr, PA 19010-0                        Bryn Mawr, PA 19010-0

| Dated: February 20, 2009 | CONSOLE LAW OFFICES LLC |
| --- | --- |

LAURA C. MATTIACCI, PA Bar No. 89643
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676
mattiacci@consolelaw.com

REDACTED

# DELTA-T GROUP

## PLAINTIFF CONSENT FORM

I hereby consent to make a claim against Delta-T Group for overtime pay. During the past three years, I worked as a healthcare professional for Delta-T Group. I often worked over 40 hours per week and was only paid my standard hourly rate for this time. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Delta-T Group.

Signature                                   Date   11·17·08

ABIGAIL  PAPA
Print Name

REDACTED

Fax, Mail or Email to:     Nichols Kaster, PLLP
                           Attn: Michele R. Fisher
                           4600 IDS Center, 80 South Eighth Street
                           Minneapolis, MN 55402-2242
                           Fax: (612) 215-6870
                           Toll Free Telephone: (877) 448-0492
                           Email: fisher@nka.com
                           Web: www.overtimecases.com

1

**PROOF OF SERVICE**

2 STATE OF CALIFORNIA        )
                                   ) ss

3 COUNTY OF LOS ANGELES  )

I am a resident of the State of California, over the age of eighteen years, and not a party
4 to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite
3300, Los Angeles, California 90067-3063. On April 30, 2009, I served the within documents:

5

NOTICE OF REMOVAL OF CIVIL ACTION; DECLARATION OF
6 SCOTT MCANDREWS

7 ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Los Angeles, California addressed as set
8 forth below.

9 ☐    by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.
10

11 ☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses
set forth below.
12

13 NICHOLS KASTER, PLLP                NICHOLS KASTER, LLP
Paul J. Lukas                                Matthew C. Helland
14 Michele R. Fisher                       One Embarcadero Center, Ste. 720
Rebekah L. Bailey                     San Francisco, CA 94111
15 4600 IDS Center                        Tel: (415) 277-7235
80 South Eighth Street             Fax: (415) 277-7238
16 Minneapolis, MN 55402
Tel: (612) 256-3200
17 Fax: (612) 215-6870

18

I am readily familiar with the firm's practice of collection and processing correspondence
19 for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
20 motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after the date of deposit for mailing in affidavit.
21

22 I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

23 Executed on April 30, 2009, at Los Angeles, California.

24

25 Dolores Scozzesi

26

27

28

LA1 6786659.1

**JS 44** (Rev. 12/07)

**CIVIL COVER SHEET** ~~ORIGINAL~~ **BY FAX**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

VONDA NORRIS-WILSON and ABIGAIL PAPA

**DEFENDANTS**

2009 APR 30  PM 3: 13

DELTA-T GROUP, INC., DELTA-T GROUP SAN DIEGO, INC., and DELTA-T GROUP LOS ANGELES, INC.

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Paul J. Lukas, Michele R. Fisher, Nichols Kaster, PLLP, 4600 IDS Center, 80 South 8th St., Minn., MN 55402 (612) 256-3200

Attorney (If Known)

**'09 CV 0 9 1 6 LAB    RBB**

Gerald J. Maatman, Jr., Kenneth D. Sulzer, John A. Van Hook, Seyfarth Shaw LLP, 2029 Century Park East, L.A., CA 90067

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1  Original Proceeding
☒ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Notice of Removal-28 U.S.C. sec. 1332, 1441 and 1453 (Class Action Fairness Act).

Brief description of cause:
Plaintiff's allege Labor Code violations.

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):   JUDGE  Eastern District of Pennsylvania   DOCKET NUMBER  2:09-cv-00667-MAM

DATE
04/30/2009

SIGNATURE OF ATTORNEY OF RECORD
John A. Van Hook

**FOR OFFICE USE ONLY**

RECEIPT #  000286   AMOUNT  350.—   APPLYING IFP   JUDGE   MAG. JUDGE

4/30/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS000286
Cashier ID: sramirez
Transaction Date: 04/30/2009
Payer Name: NATIONWIDE LEGAL
---------------------------------
CIVIL FILING FEE
 For: NORRIS-WILSON, ET AL V. DELTA
 Case/Party: D-CAS-3-09-CV-000916-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 107362
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```