# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONDA NORRIS-WILSON, an ABIGAIL PAPA, individually and on behalf of other members of the general public,<br><br>Plaintiffs,<br>vs.<br><br>DELTA-T GROUP, INC., DELTA-T GROUP SAN DIEGO, INC., and DELTA-T GROUP LOS ANGELES, INC.,<br><br>Defendants. | CASE NO. 09CV0916-LAB (RBB)<br><br>**ORDER ON DEFENDANTS'** *EX PARTE* **APPLICATION FOR PERMISSION TO FILE A REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEF** |

Still pending in this case is Plaintiffs' motion *for* class certification and Defendants' motion *against* it. Defendants filed first[1], on November 19, 2009, and Plaintiffs followed in short order, on November 23, 2009. Approximately one month after the Court took the motions under submission, Defendants brought to the Court's attention an order denying conditional collective action certification under the Fair Labor Standards Act in *Bamgbose v. Delta-T Group, Inc.*, now pending in the Eastern District of Pennsylvania. *Bamgbose v.*

---

[1] *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009) ("Nothing in the plain language of Rule 23(c)(1)(A) either vests plaintiff with the exclusive right to put the class certification issue before the district court or prohibits a defendant from seeking early resolution of the class certification question.").

*Delta-T Group*, 684 F.Supp.2d 660 (E.D. Pa. 2010). *Bamgbose* is very similar to this case: Plaintiffs allege that they're "employees" of Delta-T, but that Delta-T has classified them as "independent contractors" to avoid overtime compensation requirements. The difference between the cases is that *Bamgbose* was brought under the Fair Labor Standards Act, whereas this case was brought under the California Labor Code.

In the order filed by Defendants, Judge McLaughlin denied conditional certification on the ground that too many variables impacted the question whether Plaintiffs were employees or independent contractors for the court to resolve that question categorically, with respect to the putative class as a whole:

> In view of these factors, the plaintiff has not made a modest factual showing that the putative class is similarly situated. The record demonstrates that the healthcare workers have a wide array of skills, responsibilities, and experiences with Delta-T and its clients. Evaluation of whether the healthcare workers are employees or independent contractors, based on the current record, would not be possible on a collective basis because it would require the Court to examine the healthcare workers' distinct relationships with Delta-T and its various clients.

*Id.* at 668. Before the Court can rule on the parties' cross-motions in this case, it must first decide what to make of *Bamgbose*. Naturally, Defendants think Judge McLaughlin's order in *Bamgbose* is important, and ought to weigh heavily on the Court's analysis here, while Plaintiffs attempt to distinguish *Bamgbose* and minimize its significance.

The Court's initial inclination was to address *Bamgbose*, up front, in its final order on class certification. After reading Judge McLaughlin's order, however, along with the parties' supplemental briefs, it appears that the relevance of *Bamgbose* is worth treating all by itself. This is especially so considering that the parties dispute not only the relevance of *Bamgbose* but also whether Plaintiffs were justified in filing a response brief after Defendants brought the case to the Court's attention.

**I.     Plaintiffs' Compliance with Civil Local Rule 7.1(e)**

Defendants make much of the fact that after they filed a Notice of Supplemental Authority flagging *Bamgbose* for the Court, Plaintiffs, without permission, filed a supplemental brief with legal argument and exhibits. They ask the Court for permission to

file a reply, or, in the alternative, to strike the supplemental brief. The Court appreciates Defendants' respect for the rules, but it doesn't need a motion and two supporting declarations that essentially scold the Plaintiffs for not observing them. That's just more to read, and it's all a distraction from the hard legal questions that confront both the parties and the Court in this case. Defendants' reply brief is received.

## II. Class Certification under the FLSA and FRCP

*Bamgbose* was brought under the Fair Labor Standards Act, which does not adhere to the Rule 23 protocol for class certification. Plaintiffs attempt to distinguish it on this basis. The Act provides:

> An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Most courts have adopted a two-step certification procedure for collective actions brought under the FLSA. *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-CV-715, 2008 WL 793838 at *2 (N.D. Cal., Mar. 24, 2008). The first step is conditional certification; a district court looks for a minimal showing that members of the proposed class are "similarly situated." *Id.* The purpose of conditional certification is to determine whether the proposed class should be given notice of the action. *Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007). Discovery isn't complete at this time; a court makes a decision whether to conditionally certify a class based on the pleadings and affidavits submitted by the parties. *Id.* For this reason, the standard for conditional certification is "fairly lenient," and it is usually granted. *Id.* A court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). *See Beauperthuy*, 2008 WL 793838 at *2 ("Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in

substantiating its allegations at this stage.").

The second step, assuming a putative class has been conditionally certified, involves a motion to decertify by the party opposing certification. At this point, discovery is complete and the case is ready to be tried. *Adams*, 242 F.R.D. at 536.

> If the Court grants conditional certification, the action proceeds into the second and final certification stage. At this stage, the court will again make its certification decision based on the 'similarly situated' standard, but with the addition of much more information about the parties and their claims. Thus, courts in this second stage require a higher level of proof than for initial conditional certification. Because of the heavier burden of proof for deciding whether the group is 'similarly situated,' courts have recognized that few actions will be certified at this stage.

7B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1807 (3d ed. 2005).

Judge McLaughlin's order in *Bamgbose* denied *conditional certification*, and it is on this basis that Plaintiffs believe it isn't useful in considering the pending class certification motions in this case:

> Notably, the record before the court in the submitted order was much sparser and included facts not presented to this Court. The plaintiff in *Bamgbose* moved for conditional certification before substantial discovery . . . In contrast, Plaintiffs here submit substantial support for their motion, and in opposition to Defendants' motion to deny, based upon a more developed record as facilitated by extensive declarations from putative class members, affiliate administrator depositions, and additional compelled documents that were not available to plaintiff in *Bamgbose*.

This isn't the best argument. It is *easier* to conditionally certify an action under section 216(b) of the FLSA than to certify an action under Rule 23 of the Federal Rules of Civil Procedure. If conditional certification under the FLSA was denied in *Bamgbose*, there's a good argument that class certification under Rule 23 should be denied in this case.

Plaintiffs' other argument, far wiser, is that Judge McLaughlin's order is unreliable because she "actually applied a stage-two inquiry at the first-step conditional certification phase." Plaintiffs say a careful review of the order shows as much, but they fail to point to any particular sentence or passage. Presumably, Plaintiffs simply feel that Judge McLaughlin immersed herself in the pleadings and evidence much more than a conditional

certification decision calls for, and as a result wasn't as lenient as the law requires.  With all due respect to Judge McLaughlin, there may be some merit to this critique.  She thoughtfully analyzed each of six factors that determine whether one is an employee or independent contractor and found that they were not susceptible to common proof.  Moreover, discovery was well under way when the certification question came before her, and she faced a robust evidentiary record.   Plaintiffs moved for conditional certification with twenty-three declarations from Delta-T workers, transcripts from two depositions of the Executive Vice President of Delta-T, one declaration from a former Delta-T employee, and several Delta-T documents.   Delta-T opposed certification with eighty-three declarations from Delta-T workers, two declarations from Delta-T personnel, six depositions, and two expert reports (which were not considered.  *Bamgbose*, 684 F.Supp.2d 660, 663–64.  The depth of Judge McLaughlin's analysis, combined with the amount of discovery that had already been collected and submitted by the parties, is arguably suggestive of a second-step class certification analysis under the FLSA.[2]  She certainly looked for more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Thiessen*, 267 F.3d at 1102.  For this reason, the Court is hesitant to automatically deny class certification here simply because conditional certification was denied in *Bamgbose*.

Nor is the Court moved by *Mike v. Safeco Ins. Co. of America*, 223 F.R.D. 50, 54 (D. Conn. 2004), which Defendants cite and which held, "The same reasons that preclude [plaintiff] from proceeding as a  collective action under the FLSA preclude him from defining a tenable class under Rule 23."  Defendants insinuate that *Mike* stands for the proposition that when class certification fails under the FLSA, it necessarily fails under Rule 23.  In fact, class certification was denied in *Mike* — under both the FLSA and Rule 23 — because class

---

[2] The Court does acknowledge, however, that Judge McLaughlin announced she would "evaluate the putative class under stage one, requiring a modest factual showing that the putative class is similarly situated." *Bamgbose*, 684 F.Supp.2d at 668. Moreover, just because a court goes into some depth in its analysis whether members of a putative class are similarly situated does not mean it is engaged in the second step of the certification protocol under the FLSA. *See Diaz, infra,* 2005 WL 2654270 at *3–5.

*membership* would have to turn "on the fact-specific determination of each individual plaintiff's day-to-day tasks." *Id.* at 54. That is a threshold problem that isn't present in this case or *Bamgbose*, wherein the live question is whether the *merits of class members' claims* are subject to common proof and can be resolved on a class-wide basis. Defendants also cite *Diaz v. Electronics Boutique of America, Inc.*, No. 04-CV-840, 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005). The court in *Diaz* held that "for the same reasons that plaintiffs cannot meet the similarly situated requirement of class certification under the FLSA . . . plaintiffs fail to meet the commonality requirement of FRCvP 23(a)." *Id.* at *6. Again, the holding in *Diaz* is *not* that, as night follows day, class certification under Rule 23 must be denied when it has also been denied under the FLSA. To the contrary, the court conducted separate, full length analyses of the class certification question under both statutory schemes; the quotation the Defendants excerpt implies the modest point that class certification under the FLSA and Rule 23 will often come out the same way. That doesn't mean, at all, that one analysis binds or controls the other.

The Court should also say something about the *In re FedEx Litigation* decisions cited by the Plaintiffs, in which courts denied conditional certification under the FLSA but granted certification under Rule 23 of state law claims. First, one of the cited cases involves Rule 23 certification of claims arising under the Family and Medical Leave Act, not conditional certification of claims arising under the FLSA. *In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, No. 05-MD-527, 2008 WL 7764456 at *29 (N.D. Ind. Mar. 25, 2008). The second case isn't much better. *See In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, No. 05-MD-527, 2009 WL 2242231 (N.D. Ind. July 27, 2009). Conditional certification was denied under the FLSA chiefly for a unique reason: the named plaintiffs were inadequate representatives. They lacked standing to pursue FLSA claims on behalf of the putative class, and their interests conflicted with those of the putative class. *Id.* at *7. Thus, neither *FedEx* case presents a situation where the same question — Are plaintiffs independent contractors or employees? — was found to be suitable for class-wide adjudication under Rule 23 but unsuitable under the FLSA because their respective

standards for class certification are different. But *that*, in light of Judge McLaughlin's order, is what Plaintiffs need the *FedEx* decisions, or some decision, to hold.

That leads to a final consideration, which is whether the *substantive law* differentiating employees from independent contractors is different under the California Labor Code and the FLSA. Plaintiffs, viewing Judge McLaughlin's order as having minimal bearing on class certification in this case, claim there are meaningful differences: "To establish whether someone is an independent contractor under the FLSA, courts weigh a set of factors to determine the economic realities of the relationship. In contrast, under California law, courts predominately consider control, and only analyze some related factors in a secondary analysis." The Court is less convinced.

California defines an employee as "every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed." Cal. Labor Code § 3351. The FLSA defines an employee as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). There is no important difference there. As for the dividing line between independent contractors and employees under both California law and the FLSA, it is best to represent that graphically.

| California Labor Code | Fair Labor Standards Act |
|---|---|
| **Primary test** is whether "the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *Ali v. U.S.A. Cab Ltd.*, 176 Cal.App.4th 1333, 1347 (2009) (internal quotations and citation omitted). **Secondary indicia include**: | the degree of the alleged employer's right to control the manner in which work is performed |
| whether the one performing services is engaged in a distinct occupation or business | |
| the kind of occupation, and whether it's typically performed with or without supervision | |
| the skill required in the particular occupation | whether the service rendered requires a special skill |

| | |
|---|---|
| whether the principal or the worker supplies the instrumentalities, tools, and place of work | the alleged employee's investment in equipment or materials required for his task |
| the length of time of the work engagement | the degree of permanence of the working relationship |
| the method of payment, whether by the time or by the job. | |
| whether or not the work is part of the regular business of the principal | whether the service rendered is an integral part of the alleged employer's business |
| whether the parties believe they are creating an employer-employee relationship.  *Id.* at 1347–48. | |
| | the alleged employee's opportunity for loss and profit depending on managerial skill.  *Real v. Driscoll Strawberry Associates, Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) |
| | whether, as a matter of economic reality, the individuals are dependent on the business to which they render service.  *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1382 (3d Cir. 1985). |

As the chart shows, the California Labor Code and the FLSA employ a substantially similar analysis to determine whether an individual is an independent contractor or employee. Many of the factors line up perfectly; perhaps the only non-trivial difference is that under the California Labor Code there is one primary factor and several secondary factors, whereas under the FLSA there are a group of factors all of which are accorded equal weight. Still, it would be surprising to find that the respective laws are ever divided on the question whether a particular worker is an independent contractor or employee.

### III.    Conclusion

Plaintiffs maintain *Bamgbose* should not be considered by the Court when it issues a ruling on class certification in this case. Defendants maintain almost the opposite — that *Bamgbose* is nearly dispositive, and that class certification should be denied in this case because it was denied by Judge McLaughlin in *Bamgbose*. The Court has done its best to articulate what it sees as the flaws in both parties' positions. *Bamgbose* is not irrelevant, but

neither is the Court bound to follow it. The Court is especially unwilling to follow it as a matter of course because Judge McLaughlin only denied conditional certification without prejudice. The Court doesn't have that option here; if it rules in favor of Defendants, Plaintiffs must either proceed as individuals in this action or file an interlocutory appeal.

That, in any event, is where the Court stands with respect to *Bamgbose*. The parties can expect an order on the ultimate class certification to be forthcoming.

**IT IS SO ORDERED**.

DATED: May 28, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge