# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONDA NORRIS-WILSON, an ABIGAIL PAPA, individually and on behalf of other members of the general public,<br><br>                      Plaintiffs,<br>  vs.<br><br>DELTA-T GROUP, INC., DELTA-T GROUP SAN DIEGO, INC., and DELTA-T GROUP LOS ANGELES, INC.,<br><br>                      Defendants. | CASE NO. 09CV0916-LAB (RBB)<br><br>**ORDER RE: MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

## I.   Introduction

The parties reached a settlement in this class action in early March 2011. Subsequently, and pursuant to a provision in the settlement term sheet, Plaintiffs filed what they thought was an unopposed motion to modify the class definition. This motion revealed a fissure in the parties' understanding of the settlement, and Defendants attempted to back out of it. Now pending is Plaintiffs' motion to enforce the settlement's terms as they understand them.

The Court has given considerable thought to what a fair resolution of the parties' dispute would be. It has read the briefing on both the motion to modify the class definition and the motion to enforce the settlement, and it has paid particular attention to the attached

declarations of counsel and email correspondences between them. It makes two findings. First, Plaintiffs' understanding of the settlement and the proper class definition is far more reasonable than Defendants'. Second, there appears nonetheless to be a genuine misunderstanding as to the very nature and scope of Plaintiffs' claims, and the Court is hesitant to enforce a settlement that is based upon it. The parties are therefore ordered to appear before Magistrate Judge Brooks to attempt a final and mutually agreeable settlement of this case. They should go into these settlement discussions with the following in mind.

## II.   Settlement Considerations

First, the Court only certified the non-overtime claims to the extent they are tethered to an overtime claim. The central premise of Defendants' opposition to the settlement—that the Court certified all conceivable wage statement and "waiting time" claims—is flat wrong. That premise is unfaithful to Plaintiffs' complaint as well as the Court's order granting class certification.[1] The Court would have never certified all conceivable wage statement and

---

[1] The certified claims are: (1) denial of overtime compensation (Cal. Labor Code § 510); (2) denial of accurate wage statements (Cal. Labor Code § 226); (3) denial of timely payment of wages (Cal. Labor Code §§201–203); and (4) unfair competition (Cal. Bus. and Prof. Code § 17200). When the Court certified Plaintiffs' § 226 claim, it did so explicitly on the ground that it had already certified the overtime claims:

> It's likely that this claim has been tacked onto the complaint for the technical reason that a violation of § 226(a) would follow naturally from a failure to pay overtime wages. If an hour of actual overtime counts as an hour and a half of work, and for an hour and a half of pay, then inevitably the wage statements will be off for those who logged overtime hours but weren't compensated for them. For the same reasons that claims for overtime pay can be adjudicated on a class-wide basis, then, claims alleging inadequate wage statements can also be so adjudicated.

(Dkt. No. 61 at 19.) In their complaint, Plaintiffs allege that "[t]he statements provided to Plaintiffs and Class Members do not accurately reflect actual gross wages earned and the total hours worked," and the clear implication here is that the wages not reflected are overtime wages. (Compl. ¶ 63.)

The Court also connected its certification of Plaintiffs' waiting time claims under § 201 to its certification of their overtime claims:

> The Court has the same view of Plaintiffs' waiting time claims as it does of their overtime claims. If it turns out that members of the putative class *are* employees of DTG rather than independent contractors, it won't require anything other than

waiting time claims, regardless of their basis.

Second, the parties' emphasis on modification of the class definition is misplaced. There is no need to modify the class definition to exclude those who can't bring claims anyway. The contours of the certified claims themselves work that exclusion. If the sole purpose of the proposed modification, as Plaintiffs suggest, is to exclude those with no *record* of working overtime, that's fine. But there is no need to modify the class definition just to confirm that all claims are overtime-based.

Third, the Court's unwillingness to hold Defendants to the settlement agreement should in no way be construed as condoning the conduct of Defendants' counsel. The manner in which the modification motion was agreed to and then rebuffed is inexcusable, and Defendants' attempt to blame Plaintiffs' counsel for sending the motion to its litigation rather than settlement counsel is even worse. Moreover, in late January, it was the mediator's proposal "that the class would be modified in California to include only those persons who worked overtime according to Defendant's payroll records." (Dkt. No. 86-5; 87-2.) Defendants' settlement counsel could have objected, then, that *all conceivable* wage statement and waiting time claims were certified by the Court, which would have reified Defendants' position and revealed to the parties that they weren't on the same page.

---

> basic computation to determine if they're entitled to damages for not being paid on time once their employment ended.

(Dkt. No. 61 at 22.) Plaintiffs could have been a little more explicit in their complaint, but it is apparent that the claim is based on the denial of overtime pay:

> Defendants' willful and deliberate misclassification of Plaintiffs and the Class Members, led to improper compensation under California law.
>
> As a consequence of Defendants' willful conduct in not paying proper compensation for all hours worked, Plaintiff Vonda Norris-Wilson and the Class Members, whose employment ended during the Class Period, are entitled to thirty days wages under Labor Code section 203 . . . .

(Compl. §§ 50–51.) This description of the § 201 claim narrows it. It is not a claim for all theoretical violations of § 201. It is a claim for violations of § 201 attributable to the denial of overtime pay.

Instead, he merely asked for clarification that the class would be limited to those who could "show potential entitlement to recover (i.e., damages) on a certified claim," an uncontroversial point that leaves unaddressed the critical question of what the nature and scope of the certified claims actually is.[2] (Dkt. No. 87-2.) Finally, one month after this exchange, Plaintiffs' counsel informed Defendants' litigation counsel that "Plaintiffs will soon seek leave from the Court to amend the class to only include those persons who worked and recorded overtime according to Defendants' compensation records." (Dkt. No. 86-7.) There should have been no surprise when the motion to modify the class definition was actually filed.

Fourth, only the certified claims are to be the subject of a settlement. The Court well understands Defendants' desire for "peace on all . . . claims by way of the class settlement." (Dkt. No. 87 at 8.) It understands, too, Plaintiffs' unwillingness to provide "500 releases for free." (Dkt. No. 86-4.) But the Court did not *and would not* certify non-overtime-related claims, so Defendants shouldn't expect a release of those claims and Plaintiffs shouldn't seek consideration for such a release.

## III.    Conclusion

Plaintiffs' motions to modify the class definition and enforce the settlement are **DENIED**. That is not to say Plaintiffs are in the wrong, however. By and large, Defendants are. The Court declines to enforce the settlement as Plaintiffs (and the Court) understand it only because the record reveals an enduring misunderstanding as to the nature and scope of the certified claims. While the parties understood the settlement would only cover the claims certified by the Court, Defendants apparently misunderstood that the wage statement and waiting time claims were certified only to the extent that they were derivative of an overtime claim. While this should have been inferred from Plaintiffs' complaint and the

---

[2] It is hard to see how the mediator's response helps the Defendants. The mediator confirmed that Plaintiffs were not "backtracking" from their "initial proposal." (Dkt. No. 87-2.) Thus, Mr. Beadreau's statement in his declaration that "[t]he mediator informed me that my understanding was correct" says very little. (Beadreau Decl. ¶ 4.) Again, the question isn't whether the class would be limited to those entitled to damages on a certified claim, but rather what the nature and scope of the certified claims actually is.

Court's order granting class certification, it is apparent that the parties never had a meeting of the minds on this issue. Indeed, it was not until the briefing on the motion to enforce the settlement that this misunderstanding was drawn out and brought into focus. The parties should contact Judge Brooks' chambers to schedule settlement talks within 7 days of the date this Order is entered. The Court has every expectation that the parties will cooperate and reach a final and mutually agreeable settlement in this case.

**IT IS SO ORDERED**.

DATED: December 9, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge