1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONDA NORRIS-WILSON, and ABIGAIL PAPA, individually and on behalf of the class, and on behalf of the general public,<br><br>      Plaintiffs,<br><br>      v.<br><br>DELTA-T GROUP, INC., DELTA-T GROUP SAN DIEGO, INC., and DELTA-T GROUP LOS ANGELES, INC.,<br><br>      Defendants. | Case No. 09CV0916 LAB (RBB)<br><br>**ORDER RE JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT [ECF NO. 113], PLAINTIFFS' UNOPPOSED MOTION FOR FEES COSTS, & EXPENSES [ECF NO. 114], DISMISSAL OF DELTA-T GROUP, INC. [ECF NO. 109], AND FINAL ORDER OF JUDGMENT** |

Plaintiffs Vonda Norris-Wilson and Abigail Papa, on behalf of themselves and the certified class ("Plaintiffs"), and Defendants Delta-T Group, Inc., Delta-T Group San Diego, Inc. and Delta-T Group Los Angeles, Inc. ("Defendants") (collectively the "Parties") submitted a Joint Motion for Final Approval of Class Settlement on Monday, September 10, 2012. The same day, Plaintiffs filed an Unopposed Motion for Attorneys' Fees, Costs, and Expenses. The Parties appeared before this Court on Monday, September 24, 2012, for the final fairness hearing on the motions.

Having considered the Parties' motion, Plaintiffs' motion, associated filings, and the record of this case, IT IS HEREBY ORDERED that the Parties' Joint Motion for Final Approval of Class Settlement and Plaintiffs' Unopposed Motion for Fees, Costs & Expenses are **GRANTED**.

1.    The Court HEREBY FINALLY APPROVES the proposed Settlement Agreement, (Agreement, Lukas Decl., Ex. 1, ECF No. 108-3), in its entirety as it meets the requirements of Federal Rule of Civil Procedure 23(e) because it is fair, reasonable, and adequate for the class members;

2.    The Court HEREBY APPROVES of Defendants' payment of the Gross Settlement Amount of $594,000 in connection with this settlement, to be distributed as follows:

a.    $384,238 to be distributed to the class members on a *pro rata* basis pursuant to revised Exhibit A of the Settlement Agreement, (Ex. 3, Jt. Mot. for Final App., ECF No. 113-5);

b.    $148,500—or 25% of the Gross Settlement Amount—to Class Counsel pursuant to paragraph 14 of the Settlement Agreement;

c.    $47,261.91 from the Gross Settlement Amount to Class Counsel to cover litigation costs and expenses;

d.    $8,000 to a contingency fund established to address allocation errors identified by the Parties.  Any monies remaining in the contingency fund after adjustments for allocation errors—in an amount not to exceed $1,879.22—shall be distributed to Class Counsel 90 days following the distribution of settlement checks by Defendants for the purpose of covering settlement administration costs.  Any residual amounts, upon the payment of administration costs, shall be distributed to *cy pres* according to the Settlement Agreement;

e.    $1,500 to each Plaintiff to settle their individual, uncertified meal and rest break an unreimbursed business expenditures claims; and

f.    $1,500 to each Class Representative as service payments for their time and commitment to the class.

3.    The Court HEREBY FINDS the above distributions, including but not limited to the allocations of monies for service payments, contingency fund, costs,

1 | expenses, and attorneys' fees to be fair, reasonable, and adequate;

2 |       4.      The Court HEREBY FINALLY APPROVES of the notice of class action
3 | and settlement distributed by Class Counsel to class members.  As the Court previously
4 | noted in its order on the Parties' motion for preliminary approval, the notice fully and
5 | accurately informed class members of all material elements of the proposed class
6 | action settlement, of the class members' right to be excluded from the class, and the
7 | class members' right to object to the proposed class action settlement.  Class Counsel's
8 | mailing of the notice to addresses supplied by Defendants—and verified through the
9 | National Change of Address Database, the U.S. Post Office's notices of forwarding
10 | address, and additional addresses identified through the Lexis Accurint system—
11 | provided adequate dissemination of this proper notice.  Thus, the notice satisfies the
12 | requirements of due process and of Federal Rule of Civil Procedure 23(c)(2)(B), (e) in
13 | both form and substance;

14 |       5.      The Class Members, as identified in Exhibit 3 to the Parties' Joint Motion
15 | for Final Class Settlement Approval are HEREBY BOUND by the terms of the
16 | Settlement Agreement, including, but not limited to, the following release provisions:

17 |       • Each Participating Class Member and his or her assigns, heirs,
18 | successors and personal representatives does hereby and forever
19 | release, resolve, relinquish, discharge, and covenant not to sue each and
20 | all of the Released Parties from each of the Released Claims (as defined
21 | below) that exist in their favor through the date of preliminary approval of
22 | this Settlement Agreement.  The Participating Class Members further
23 | agree that they will not institute any action or cause of action (in law, in
24 | equity, or administratively), suits, debts, liens, or claims, known or
25 | unknown, fixed or contingent, which they may have or claim to have in
26 | state or federal court, or with any state, federal or local government
27 | agency or with any administrative or advisory body, asserting the
28 | Released Claims.

- "Released Claims" means any and all claims, causes of actions, suits, demands, controversies or liabilities arising out of or related to the claims in the Complaint that were certified for class action treatment by the Court for unpaid overtime, wage statement violations, waiting time penalties, and unfair competition under California Law, including any related claims for premiums, penalties, interest, punitive damages, costs, attorneys' fees, restitution, injunctive relief, declaratory relief, or accounting that are asserted in the Complaint in relation to the Released Claims ("the Released Claims") at any point up to and including the date on which the Court grants preliminary approval of the proposed settlement. With respect to the Released Claims, each Participating Class Member who does not request exclusion from the Settlement also expressly, knowingly, and intentionally waives the benefits and rights available to him or her under the provisions of California Civil Code Section 1542 ("Section 1542"), which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

- Each Participating Class Member has been notified of the rights and benefits of Section 1542 and informed that by participating in the settlement, he or she will be deemed to have elected to, and does, assume all risks for claims that have arisen or that may arise in the future, whether known or unknown, from the subject of this release, and specifically waives all rights he or she may have under Section 1542 with respect to the Released Claims. Each Participating Class Member has been informed that if the facts relating in any manner to this release and dismissal are found hereafter to be other than or different from the facts

now believed to be true, he or she expressly accepts and assumes the risk and agrees that this Agreement and the release of claims contained herein shall remain effective.

- No person shall have any claim against Defendants, Defendants' Counsel, the Named Plaintiff, any Class Member, or Class Counsel based on distributions and payments that have been made in accordance with this Agreement.

- In addition to the foregoing class releases set forth above, the Named Plaintiffs further release the Released Parties from any and all claims, causes of actions, suits, demands, controversies or liabilities arising out of or related to the allegations in the Complaint that were not certified for class action treatment by the Court for meal and rest break violations and for unpaid business expenditures under California Law, including any related claims for premiums, penalties, interest, punitive damages, costs, attorneys' fees, restitution, injunctive relief, declaratory relief, or accounting that are asserted in the Complaint;

6.     Defendants Delta-T Group San Diego, Inc. and Delta-T Group Los Angeles, Inc. are HEREBY ORDERED TO SUBMIT to Class Counsel checks made out to each individual class member, along with a check made payable to Class Counsel in the amount of ordered attorneys' fees and litigation costs, within ten (10) business days after the Settlement Effective Date.  The checks should be based on the operative settlement allocation, which is currently Exhibit 3 to the Parties' Joint Motion for Final Class Settlement Approval;

7.     The Court hereby dismisses on the merits and with prejudice the Complaint removed to this Court, styled *Norris-Wilson, et al. v. Delta-T Group, Inc., et al.*, Case No. 09CV0916 LAB (RBB);

8.     If (a) the Settlement Effective Date does not occur for any reason whatsoever, or (b) the Settlement Agreement becomes null and void pursuant to the

terms of the Settlement Agreement, this Final Approval Order and Final Order Of Judgment shall be deemed vacated and shall have no force or effect whatsoever.

9.     The Parties' Joint Motion to Dismiss Defendant Delta-T Group, Inc. (ECF No. 109), is hereby GRANTED, and the Court hereby strikes Delta-T Group, Inc. from the caption of this lawsuit; and

10.    It is HEREBY ORDERED that the Magistrate Judge shall retain jurisdiction over all disputes between and among the Parties arising out of the settlement agreement, including but not limited to interpretation and enforcement of the terms of the settlement agreement.

**IT IS SO ORDERED**

Dated: September 25, 2012      By: _____

**HONORABLE LARRY ALAN BURNS**

UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF CALIFORNIA